**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **ELIYAHU CHOAI and EC FASHION INC.,** | ) ) ) | **Civil Action No.** |
|  | ) |  |
| **Plaintiffs,** | ) |  |
|  | ) |  |
| **v.** | ) |  |
|  | ) |  |
| **EARLY WARNING SERVICES, LLC, CHEX SYSTEMS, INC. and CITIZENS BANK, N.A.,** | ) ) ) |  |
|  | ) |  |
| **Defendants.** | ) |  |
|  | ) |  |

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by Plaintiffs Eliyahu Choai and EC Fashion Inc. against Defendants Citizens Bank, Early Warning Services, LLC ("EWS"), and Chex Systems, Inc. ("Chex Systems") for willful and negligent violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 et seq..

**THE PARTIES**

2. Plaintiff Eliyahu Choai is an adult individual residing in Brooklyn, New York, and is the principal of Plaintiff EC Fashion Inc., a business entity whose principal place of business is Brooklyn, NY.

3. Defendant EWS is a limited liability company registered to conduct business in the Commonwealth of Pennsylvania.

4. Defendant Chex Systems is a corporation registered to conduct business in the Commonwealth of Pennsylvania.

5. Defendant Citizens Bank is a national banking association that regularly conducts business in the Commonwealth of Pennsylvania.

## JURISDICTION & VENUE

6. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this matter arises under the laws of the United States.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) because one or more Defendants are deemed to reside in this District.

8. This Court also possesses supplemental jurisdiction pursuant to 28 U.S.C. §1367 because Plaintiffs alternative state common law claims are so related to claims in this action within the Court's original jurisdiction that they form part of the same case or controversy.

## FACTUAL ALLEGATIONS

9. Plaintiff Eliyahu Choai is a "consumer" as defined by the FCRA under 15 U.S.C. § 1681a(c).

10. Defendants EWS and Chex Systems are each a "consumer reporting agency" as defined by the FCRA under 15 U.S.C. § 1681a(f).

11. Specifically, EWS and Chex Systems assemble consumer reports that contain information about consumers' checking and saving accounts history and usage which they sell to their customers for the purposes of evaluating consumers' eligibility to open a bank account.

2

12. Defendant Citizens Bank is a "furnisher" of information as defined by the FCRA under 15 U.S.C. § 1681s-2(b).

13. EWS and Chex Systems have been reporting derogatory, highly prejudicial, and inaccurate statements furnished by Citizens Bank regarding Plaintiffs' banking history to third parties (the "Inaccurate Information").

14. The Inaccurate Information includes, but is not limited to status designation of "Closed for Cause" (furnished to EWS) and "Account Abuse" (furnished to Chex Systems).

15. These designations are specifically meant to adversely affect consumers from obtaining bank accounts at other banking institutions.

16. These designations are factually false and misleading here because Plaintiffs did not engage in account abuse or violate Citizens Bank's policies.

17. The Inaccurate Information negatively reflects upon Plaintiffs bank account usage history and their financial responsibility.

18. EWS and Chex Systems have published the inaccurate information in reports to potential creditors of Plaintiff.

19. Plaintiffs have disputed the Inaccurate Information with EWS, Chex Systems and Citizens Bank by following their established procedures for disputing consumer information.

20. EWS and Chex Systems, however, have sent Plaintiffs correspondence indicating their intent to continue furnishing the Inaccurate Information and continued to furnish and disseminate this Inaccurate Information to other third parties, persons, entities and credit grantors.

21. EWS and Chex Systems negligently and recklessly failed to conduct reasonable investigations of Plaintiffs' dispute, inter alia, by: failing to conduct any investigation into the Inaccurate Information at all; failing to review and consider the information submitted by Plaintiffs; failing to contact Plaintiffs to elicit more specific information about his dispute; failing to obtain and review records related to the Inaccurate Information; failing to contact persons or entities affiliated with the records to verify their accuracy; and failing to properly communicate the substance of the dispute to the relevant furnisher of the account at issue.

22. EWS and Chex Systems also acted recklessly, inter alia, by routinely conducting investigations in the manner described above, and further, knew or should have known that the way they investigate disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of Plaintiffs' dispute.

23. Citizens Bank has also negligently and recklessly failed to conduct timely and reasonable investigations after receiving notice of Plaintiffs disputes from EWS, inter alia, by failing to conduct any investigation into the Inaccurate Information at all; failing to properly review the relevant account information; failing to review and consider information submitted by Plaintiffs; failing to contact Plaintiffs to elicit more specific information about their dispute; failing to contact persons or entities affected by the offending transaction(s) to verify their accuracy; and/or failing to report the account as disputed.

24. Citizens Bank also acted recklessly, inter alia, by routinely conducting investigations in the manner described above, and further, knew or should have known that the way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete and

misleading account information similar or identical to the result of Plaintiffs' dispute.

25. As a result of Defendants' conduct, Plaintiffs have suffered actual damages in the form of bank and credit account denial, defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

26. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

### COUNT I – EWS & CHEX SYSTEMS
### VIOLATIONS OF THE FCRA

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. EWS and Chex Systems violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing consumer reports about Plaintiff as described above. 15 U.S.C. § 1681e(b).

29. EWS and Chex Systems also violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiff's disputes as described above. 15 U.S.C. §1681i(a).

30. The conduct of EWS and Chex Systems was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

31. As a result of the violations of the FCRA by EWS and Chex Systems identified herein, these Defendants are liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§1681n & 1681o.

## COUNT II – CITIZENS BANK
## VIOLATIONS OF THE FCRA

32. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

33. Citizens Bank violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

34. The conduct of Citizens Bank was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

35. As a result of the violations of the FCRA by Citizens Bank identified herein, this Defendant is liable to Plaintiffs for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§1681n & 1681o

## COUNT III - ALL DEFENDANTS
## DEFAMATION

36. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

37. Citizens Bank made statements to include the Inaccurate Information set forth above that are both false and defamatory to Plaintiffs

38. These statements were made specifically about Plaintiffs.

39. These defamatory statements were published by Citizens Bank and EWS with the knowledge that said statements would be included in the reports prepared by these entities and sold to Plaintiffs' potential creditors and/or banking institutions.

40. Chex Systems and EWS then republished the defamatory statements in reports that it

sold to Plaintiffs' potential creditors and banking institutions.

41. Citizens Bank's statements are defamation per se as they are statements that caused injury to trade, business and profession.

42. Defendants acted negligently, recklessly, intentionally and with malice as it failed to reasonably investigate whether the statements were false, and knew or should have known that the statements were false after having been given notice by Plaintiffs.

43. To the extent that any of the reports referenced above are not "consumer reports" or that the reports sold about Plaintiffs are not subject to the requirements of the FCRA, or that Plaintiffs are not otherwise entitled to relief under the FCRA for any part of the damages they claim, Plaintiffs, in the alternative, claim damages for defamation stemming from the sale of said reports including presumed damages, specific damages to include denial of banking and/or credit opportunities and punitive damages.

## COUNT III - ALL DEFENDANTS
## NEGLIGENCE

44. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

45. Defendants possesses a duty of care to Plaintiff to report accurate banking information about Plaintiffs, and to reasonably investigate Plaintiffs' disputes about the accuracy of how their banking history is being reported.

46. Defendants breached this duty by reporting false and derogatory statements about Plaintiffs' banking history as described above and then failing to reasonably investigate the accuracy of those statements once disputed by Plaintiff.

47. As a proximate cause of Defendants' conduct, Plaintiff have suffered injuries to

include lost banking and/or credit opportunities, harm to banking reputation and emotional distress.

48. To the extent that any of the reports referenced above are not "consumer reports" or that the reports sold about Plaintiffs are not subject to the requirements of the FCRA or that Plaintiffs are not otherwise entitled to relief under the FCRA for any part of the damages they claim, Plaintiffs, in the alternative, claim damages for Defendants' negligence stemming from the sale of said reports as set forth above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants Citizens Bank, EWS and Chex Systems for damages to include statutory damages, presumed damages, specific damages, actual damages, punitive damages, reasonable attorneys' fees, costs, and litigation expenses; and any such alternative or additional relief as this Court deems just and proper.

Respectfully Submitted,

**GORSKI LAW, PLLC**

/s/ Gregory Gorski
GREGORY GORSKI
PA Attorney ID: 91365
610 Old York Road, Suite 400
Jenkintown, PA 19046
Tel: 215-330-2100
Email: greg@greggorskilaw.com

Attorneys for Plaintiffs

Dated: August 4, 2026